1  LAURA E. DUFFY
   United States Attorney
2  ANDREW G. SCHOPLER
   Assistant U.S. Attorney
3  California State Bar No. 236585
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone No.: (619) 546-8068
   E-mail: Andrew.Schopler@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,      ) Case No. 13CR2196-JLS
                                  )
11          Plaintiff,            ) Date:     July 26, 2013
                                  ) Time:      1:30 p.m.
12          v.                    )
                                  ) UNITED   STATES'   RESPONSE   IN
13 JAN HARALD PORTOCARRERO (1),   ) OPPOSITION TO DEFENSE MOTIONS TO:
      aka Leo, et al.,            )
14                                ) (1)  COMPEL DISCOVERY
            Defendants.           ) (2)  FILE FURTHER MOTIONS
15                                )
                                  ) TOGETHER WITH STATEMENT OF FACTS,
16                                ) MEMORANDUM    OF    POINTS    AND
                                  ) AUTHORITIES, AND UNITED STATES'
17                                ) MOTION FOR:
                                  )
18                                ) (1)  RECIPROCAL DISCOVERY
   _____)
19

20                                I

21                          **INTRODUCTION**

22      Defendants Jan Portocarrero, Erik Portocarrero, Amir Mokayef,

23 Joseph Barrios, Young Hee Koh, and Macho Sports International Corp.

24 are charged with a multi-million dollar racketeering conspiracy (RICO

25 conspiracy), in violation of 18 U.S.C. §§ 1962(c) & (d).   All

26 19 defendants are charged with conducting an illegal gambling

27 business, in violation of 18 U.S.C. § 1955.   The United States is

28 still evaluating evidence from the numerous search warrants, seizures,

1  and arrests in this case, which may lead to the filing of additional

2  charges against all defendants, including money laundering, tax

3  evasion, various substantive RICO counts, and a RICO conspiracy with

4  additional racketeering acts.

5                                    **II**

6                          **STATEMENT OF FACTS**

7      In the interests of preserving any of the defendants' efforts to

8  save prosecution and judicial resources, the United States hereby

9  incorporates by reference the Complaint's statement of facts [Doc. 1],

10 for the purpose of this response only.  If the case is not resolved

11 and the defendants file motions beyond the current discovery motions,

12 the United States will provide a more detailed statement of facts.

13 The United States reserves the right to expand or amend the statement

14 of facts in future filings.  All dates discussed in this response are

15 best approximations.

16                                   **III**

17                       **POINTS AND AUTHORITIES**

18     **A.    THE UNITED STATES WILL PRODUCE REQUIRED DISCOVERY**

19     While the United States will provide or has provided much of the

20 discovery requested by Defendant,[1] a hearing will be required to

21 resolve the disputed discovery issues identified below.

22          **1.    Defendant's Statements**

23     Under  Federal  Rule  of  Criminal  Procedure  16(a)(1),  the

24 United States will provide (or already has provided) discovery of

25 Defendant's statements as follows:

26

27

     [1]     The term "Defendant" refers to all the defendants, as used

28 herein.

                                    2                          13CR2196-JLS

1      • <u>Oral Statements</u>: The United States will disclose (or has
         disclosed) "to the defendant the substance of any relevant
2        oral statement made by the defendant, before or after
         arrest, in response to interrogation by a person the
3        defendant knew was a government agent if the government
         intends to use the statement at trial."  Fed. R. Crim. P.
4        16(a)(1)(A).

5      • <u>Written or Recorded Statements</u>: The United States will
         disclose (or has disclosed) to the defendant, and make
6        available for inspection, copying, or photographing, all of
         the following:
7
       • <u>Written/Recorded Statements Generally</u>: "any relevant
8        written or recorded statement by the defendant if" the
         statement is "within the government's possession,
9        custody, or control; and . . . the attorney for the
         government knows — or through due diligence could know
10       — that the statement exists."  Fed. R. Crim. P.
         16(a)(1)(B)(i).
11
       • <u>Written Records of Oral Statements</u>: "the portion of
12       any written record containing the substance of any
         relevant oral statement made before or after arrest if
13       the defendant made the statement in response to
         interrogation by a person the defendant knew was a
14       government agent."  Fed. R. Crim. P. 16(a)(1)(B)(ii).

15     • <u>Grand Jury Testimony</u>: "the defendant's recorded
         testimony before a grand jury relating to the charged
16       offense."  Fed. R. Crim. P. 16(a)(1)(B)(iii).

17         The United States objects to the compelled disclosure of any and

18    all Defendant's statements.  For example, the United States is not

19    required to disclose irrelevant non-testimonial statements that it

20    does not intend to use at trial.

21            **2.    Arrest Reports, Notes, and Dispatch Tapes**

22         Under the Jencks Act, "no statement or report in the possession

23    of the United States which was made by a Government witness or

24    prospective Government witness (other than the defendant) shall be the

25    subject of subpoena, discovery, or inspection until said witness has

26    testified on direct examination in the trial of the case."  18 U.S.C.

27    § 3500(a).   Even Rule 16 specifically exempts "the discovery or

28    inspection of reports, memoranda, or other internal government

1  documents made . . . in connection with investigating or prosecuting

2  the case," except to the extent that they touch on a defendant's

3  statements or other matters specifically addressed in Rule 16(a)(1).

4  Fed. R. Crim. P. 16(a)(2).   Cf. Fed. R. Crim. P. 26.2 ("After a

5  witness other than the defendant has testified on direct examination,"

6  and upon a proper motion, the court must order disclosure of that

7  witness's prior "statement.").

8       Although the Jencks Act protects a prosecution witness's

9  statements, reports, and recordings from disclosure until after the

10 witness's direct testimony, the United States will disclose (or has

11 already disclosed) well in advance of trial for each prospective

12 prosecution witness the following statements which relate to the

13 subject matter of their intended testimony:

14      •    "a written statement made by said witness and signed or
             otherwise adopted or approved by him;"
15
        •    "a stenographic, mechanical, electrical, or other
16           recording, or a transcription thereof, which is a
             substantially verbatim recital of an oral statement made by
17           said witness and recorded contemporaneously with the making
             of such oral statement;" and
18
        •    "a statement, however taken or recorded, or a transcription
19           thereof, if any, made by said witness to a grand jury."

20 18 U.S.C. § 3500(e)(1)-(3); cf. Fed. R. Crim. P. 26.2(f).

21      The United States objects to disclosing any rough notes at this

22 time.   The Ninth Circuit has held that most rough notes, such as

23 handwritten surveillance notes, do not need to be retained after a

24 final report is prepared, especially since a contrary policy would

25 result in "the creation of an unwieldy national attic of scrap paper

26 and magnetic tape which would not advance the cause of justice."

27 United States v. Spencer, 618 F.2d 605, 607 (9th Cir. 1980).   The

28 exception is for interview notes: "original or rough interview notes

13CR2196-JLS

1  must be preserved." <u>United States v. Harris</u>, 543 F.2d 1247, 1248 (9th

2  Cir. 1976).   But even rough interview notes need not be produced to

3  the defense "when the substance of the notes has been preserved in a

4  formal memorandum, such as a 302 report [an FBI FD-302 report]."

5  <u>United States v. Williams</u>, 291 F.3d 1180, 1191 (9th Cir. 2002),

6  <u>overruled on other gds. by</u> <u>United States v. Gonzales</u>, 506 F.3d 940

7  (9th Cir. 2007) (en banc); <u>see also</u> <u>United States v. Pisello</u>, 877 F.2d

8  762, 767-768 (9th Cir. 1989) (affirming district court's refusal to

9  "compel production of the handwritten [interview] notes made by the

10 government's agents," since it was not required under either the

11 Jencks Act or <u>Brady v. Maryland</u>, 373 U.S. 83 (1963)); <u>accord</u> <u>United</u>

12 <u>States v. Brown</u>, 303 F.3d 582, 590 (5th Cir. 2002) ("Rule 16(a)(1)(A)

13 does not grant a criminal defendant a right to preparatory interview

14 notes where the content of those notes have been accurately captured

15 in a type-written report, such as a 302, that has been disclosed to

16 the defendant."); <u>United States v. Coe</u>, 220 F.3d 573, 583 (7th Cir.

17 2000) ("[T]he government satisfies the requirements of Rule 16 if it

18 turns over a written report that contains all of the information found

19 in an agent's original notes but does not deliver the notes themselves

20 to the defendant," even where there are "certain minor discrepancies

21 between the notes and the report.") (citation omitted).

22    Consequently, the United States intends to preserve rough

23 interview notes, but we object to the compelled disclosure of such

24 notes, unless: (1) the notes have been signed or otherwise adopted by

25 a prosecution witness, so as to qualify the notes as a "statement"

26 under the Jencks Act; or (2) there are discrepancies between the notes

27 and a final report prepared from the notes that would qualify the

28 notes as impeachment evidence under <u>Giglio v. United States</u>, 405 U.S.

1  150 (1972); or (3) the notes contain material exculpatory evidence

2  under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

3  **3.   Brady Material**

4  Again, the United States is well aware of and will continue to

5  perform its duty under Brady v. Maryland, 373 U.S. 83 (1963), and

6  United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory

7  evidence within its possession that is material to the issue of guilt

8  or punishment.  Defendant, however, is not entitled to all evidence

9  known or believed to exist which is, or may be, favorable to the

10 accused, or which pertains to the credibility of the United States'

11 case.  As stated in United States v. Gardner, 611 F.2d 770 (9th Cir.

12 1980), it must be noted that "the prosecution does not have a

13 constitutional duty to disclose every bit of information that might

14 affect the jury's decision; it need only disclose information

15 favorable to the defense that meets the appropriate standard of

16 materiality."  Id. at 774-775 (citation omitted).

17 The United States will turn over evidence within its possession

18 which could be used to properly impeach a witness who has been called

19 to testify.

20 Although the United States will provide conviction records, if

21 any, which could be used to impeach a witness, the United States is

22 under no obligation to turn over the criminal records of all

23 witnesses.  United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir.

24 1976).  When disclosing such information, disclosure need only extend

25 to witnesses the United States intends to call in its case-in-chief.

26 United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United

27 States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

28 //

### 4.   Sentencing Information

The United States is not obligated under Brady to furnish a defendant with information which he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986). Brady is a rule of disclosure, and therefore, there can be no violation of Brady if the evidence is already known to the defendant. In such case, the United States has not suppressed the evidence and consequently has no Brady obligation. See United States v. Gaggi, 811 F.2d 47, 59 (2d Cir. 1987).

But even assuming Defendant does not already possess the information about factors which might affect his guideline range, the United States would not be required to provide information bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior to his sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand for this information is premature.

### 5.   Defendant's Prior Record

The United States has provided (or will provide) Defendant with a copy of his criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(B).

### 6.   Proposed 404(b) and 609(b) Evidence

The United States will provide Defendant with official notice of its proposed use of other acts evidence, under Federal Rules of Evidence 404(b) or 609(b), and information about such acts at the time the United States' trial memorandum is filed. But to avoid any claim of unfair surprise, the United States hereby notifies the defendants

1  that it intends to introduce evidence of the bookmaking-related

2  arrests and/or convictions of defendants Jan Portocarrero, Erik

3  Portocarrero, Amir Mokayef, Joseph Barrios, and Charles Sullivan in

4  the Los Angeles area during the period of 1997-2003, as well as the

5  surrounding facts.  For example, on May 19, 1997, Erik Portocarrero

6  was convicted of illegal bookmaking, in violation of Cal. Penal Code

7  § 337a(1).  On May 28, 1997, Jan Portocarrero was arrested for the

8  same crime.  On December 16, 2001, bench warrants issued for Amir

9  Mokayef and Erik Portocarrero for bribery in relation to illegal

10 gaming, in violation of Cal. Penal Code § 337, and for Joseph Barrios

11 and Charles Sullivan for illegal bookmaking, in violation of Cal.

12 Penal Code § 337a(1).  On January 8, 2003, Erik Portocarrero was

13 convicted of bribery in relation to illegal gaming.  On November 17,

14 2003, Mokayef was convicted of illegal bookmaking, in violation of

15 Cal. Penal Code § 337a(1), and of keeping a bookmaking premises, in

16 violation of Cal. Penal Code § 337a(2).  The United States believes

17 that all of this evidence is affirmative proof of the scheme and

18 conspiracy, and not "other acts" evidence.

19         **7.   Evidence Seized**

20     The United States has complied and will continue to comply with

21 Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable

22 notice, to examine, copy and inspect physical evidence which is within

23 the possession, custody, or control of the United States, and which

24 is material to the preparation of Defendant's defense or are intended

25 for use by the United States as evidence in chief at trial, or were

26 obtained from or belong to Defendant, including photographs.

27     The United States, however, need not produce rebuttal evidence

28 in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th

1 | Cir. 1984).

2 | **(8)   <u>Preservation of Evidence</u>**

3 | The United States will preserve all evidence to which Defendant
4 | is entitled pursuant to the relevant discovery rules.   However, the
5 | United States objects to any blanket request to preserve all physical
6 | evidence.

7 | The United States has complied and will continue to comply with
8 | Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable
9 | notice, to examine, copy and inspect physical evidence which is within
10 | his possession, custody or control of the United States, and which is
11 | material to the preparation of Defendant's defense or are intended for
12 | use by the United States as evidence in chief at trial, or were
13 | obtained from or belong to Defendant, including photographs.   The
14 | United States has made the evidence available to Defendant and
15 | Defendant's investigators and will comply with any request for
16 | inspection.

17 | **(9)   <u>Law Enforcement Personnel Files – *Henthorn* Material</u>**

18 | The United States will continue to comply with its obligations
19 | pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

20 | **(10) <u>Tangible Objects</u>**

21 | The United States has complied and will continue to comply with
22 | Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable
23 | notice, to examine, inspect, and copy all tangible objects seized that
24 | is within its possession, custody, or control, and that is either
25 | material to the preparation of Defendant's defense, or is intended for
26 | use by the United States as evidence during its case-in-chief at
27 | trial, or was obtained from or belongs to Defendant.   The
28 | United States need not, however, produce rebuttal evidence in advance

1  of trial.  United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

2  　　　　　　　**(11) <u>Expert Summaries</u>**

3  　　　The United States will comply with Rule 16(a)(1)(G) and provide

4  Defendant with a written summary of any expert testimony that the

5  United States intends to use under Rules 702, 703, or 705 of the

6  Federal Rules of Evidence during its case-in-chief at trial.  This

7  summary shall include the expert witnesses' qualifications, the expert

8  witnesses opinions, the bases, and reasons for those opinions.  The

9  United States has provided its expert notice below and has provided

10 (or will provide) resumes and reports in discovery.

11 　　　　　　　**(12) <u>Impeachment Evidence</u>**

12 　　　As stated previously, the United States will turn over evidence

13 within its possession which could be used to properly impeach a

14 witness who has been called to testify.

15 　　　　**(13) <u>Criminal Investigation of Prosecution Witness</u>**

16 　　　Defendants are not entitled to any evidence that a prospective

17 witness is under criminal investigation by federal, state, or local

18 authorities.  "[T]he criminal records of such [prosecution] witnesses

19 are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026

20 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir.

21 1981) (holding that since criminal records of prosecution witnesses

22 are not discoverable under Rule 16, rap sheets are not either); cf.

23 United States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting

24 in dicta that "[i]t has been said that the Government has no discovery

25 obligation under Fed. R. Crim. P. 16(a)(1)(C) to supply a defendant

26 with the criminal records of the Government's intended witnesses.")

27 (citing Taylor, 542 F.2d at 1026).

28 　　　The United States will, however, provide the conviction record,

1   if any, which could be used to impeach witnesses the United States

2   intends to call in its case-in-chief.    When disclosing such

3   information, disclosure need only extend to witnesses the United

4   States intends to call in its case-in-chief. United States v. Gering,

5   716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d

6   1305, 1309 (9th Cir. 1979).

7           **(14) Evidence of Bias or Motive to Lie**

8       If the United States becomes aware of evidence indicating that

9   a prospective witness is biased or prejudiced against Defendant, or

10  that a prospective witness has a motive to falsify or distort

11  testimony, the United States will turn this evidence over in

12  discovery.

13          **(15) Evidence of Perception, Recollection, Communication,**

14                 **Truth-Telling**

15      If the United States becomes aware of any evidence indicating

16  that a prospective witness has a problem with perception,

17  recollection, communication, or truth-telling, the United States will

18  turn this evidence over in discovery.

19          **(16) Witness Addresses**

20      The United States has provided (or will soon provide) Defendant

21  with the reports containing the names of the agents involved in the

22  apprehension and interviews of Defendant.    A defendant in a

23  non-capital case, however, has no right to discover the identity of

24  prospective prosecution witnesses before trial. See Weatherford v.

25  Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d

26  1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d

27  706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841

28  (9th Cir. 1996).    Nevertheless, in its trial memorandum, the

13CR2196-JLS

1  United States plans to provide Defendant with a list of all witnesses

2  whom it intends to call in its case-in-chief, although delivery of

3  such a witness list is not required.  See United States v. Discher,

4  960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907,

5  910 (9th Cir. 1987).

6      The United States objects to any request that the United States

7  provide a list of every witness to the crimes charged who will not be

8  called as a prosecution witness.  "There is no statutory basis for

9  granting such broad requests," and a request for the names and

10  addresses of witnesses who will not be called at trial "far exceed[s]

11  the parameters of Rule 16(a)(1)(C)."  United States v. Hsin-Yung, 97

12  F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513

13  F. Supp. 444, 502 (D. Del. 1980)).  The United States is not required

14  to produce all possible information and evidence regarding any

15  speculative defense claimed by Defendant.  Wood v. Bartholomew, 516

16  U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials

17  that are not likely to lead to the discovery of admissible exculpatory

18  evidence are not subject to disclosure under Brady).

19      **(17) Witnesses Favorable to the Defendant**

20      If the United States becomes aware of a witness who has made an

21  arguably favorable statement concerning Defendant, the United States

22  will turn over this evidence in discovery.  If the United States

23  becomes aware of a witness who failed to identify Defendant or who was

24  unsure of Defendant's identity or participation in the crime charged,

25  under circumstances in which the witness would be expected to identify

26  Defendant or to know of Defendant's identity or participation, the

27  United States will turn this evidence over in discovery.

28  //

1           **(18) <u>Statements Relevant to the Defense</u>**

2      The United States will comply with all of its discovery

3  obligations, but "the prosecution does not have a constitutional duty

4  to disclose every bit of information that might affect the jury's

5  decision; it need only disclose information favorable to the defense

6  that meets the appropriate standard of materiality."  <u>Gardner</u>, 611

7  F.2d at 774-775 (citation omitted).

8           **(19) <u>Jencks Act Material</u>**

9      The Jencks Act, 18 U.S.C. § 3500, requires that, after a

10 prosecution witness has testified on direct examination, the

11 Government must give the Defendant any "statement" (as defined by the

12 Jencks Act) in the United States' possession that was made by the

13 witness relating to the subject matter to which the witness testified.

14 18 U.S.C. §  3500(b).  A "statement" under the Jencks Act is (1) a

15 written statement made by the witness and signed or otherwise adopted

16 or approved by him, (2) a substantially verbatim, contemporaneously

17 recorded transcription of the witness's oral statement, or (3) a

18 statement by the witness before a grand jury. 18 U.S.C. § 3500(e).

19 If notes are read back to a witness to see whether or not the

20 government agent correctly understood what the witness was saying,

21 that act constitutes "adoption by the witness" for purposes of the

22 Jencks Act. <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir.

23 1991) (citing <u>Goldberg v. United States</u>, 425 U.S. 94, 98 (1976)).

24 While the United States is only required to produce all Jencks Act

25 material <u>after</u> the witness testifies, the United States plans to

26 provide most (if not all) Jencks Act material well in advance of trial

27 to avoid any needless delays.

28 //

1    **(20) Giglio Information**

2        As stated previously, the United States will comply with its

3    obligations pursuant to <u>Brady v. Maryland</u>, 373 U.S.  83 (1963), the

4    Jencks Act, <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991),

5    and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

6        **(21) Agreements Between the United States and Witnesses**

7        The United States has not made or attempted to make any

8    agreements with prospective prosecution witnesses for any type of

9    compensation for their cooperation or testimony.

10        **(22) Informants and Cooperating Witnesses**

11        If the United States determines that there is a confidential

12   informant in this case and that the informant's identity is "relevant

13   and helpful to the defense of an accused, or is essential to a fair

14   determination of a cause," the United States will either disclose the

15   identity of the informant or submit the informant's identity to the

16   Court for an in-chambers inspection.  <u>Roviaro v. United States</u>, 353

17   U.S. 53, 60-61 (1957); <u>United States v. Ramirez-Rangel</u>, 103 F.3d 1501,

18   1505 (9th Cir. 1997) (same).

19        **(23) Bias by Informants or Cooperating Witnesses**

20       The United States incorporates by reference its previous response

21   concerning requests for evidence that a prospective witness is biased

22   or prejudiced against Defendant, as well as evidence that prospective

23   witnesses have a motive to falsify or distort testimony.

24        **(24) Law Enforcement Personnel Files**

25       The United States will continue to comply with its obligations

26   pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

27   //

28   //

**(25) Training Manuals and Policies of Relevant Law Enforcement Agencies**

The United States objects to any defense request for discovery of policies, instructions, and training manuals regarding the interrogation of subjects.

**(26) Performance Goals and Policy Awards**

The United States objects to any request for disclosure of performance goals and policy awards with respect to the detection and interruption of criminal operations.

**(27) Scientific Tests or Examinations**

The United States will comply with its obligations under Rule 16(a)(1)(F) with respect to examinations or scientific tests.

**(28) Residual Request**

The United States has already complied with Defendant's request for prompt compliance with its discovery obligations.    The United States will comply with all of its discovery obligations, but objects to any broad and unspecified residual discovery request.

**B.    NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS**

The United States does not oppose granting leave to file further motions, so long as any new motions are based on new discovery and the order applies equally to both parties.

**IV**

**UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

**A.    ALL EVIDENCE FOR DEFENDANT'S CASE-IN-CHIEF**

Since the United States will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the United States is entitled to reciprocal discovery under Rule 16(b)(1).   Pursuant to Rule 16(b)(1), the United States requests that Defendant permit the United States to

1  inspect, copy and photograph any and all books, papers, documents,

2  photographs, tangible objects, or make copies or portions thereof,

3  which are within the possession, custody, or control of Defendant and

4  which Defendant intends to introduce as evidence in his case-in-chief

5  at trial.

6      The United States further requests that it be permitted to

7  inspect and copy or photograph any results or reports of physical or

8  mental examinations and of scientific tests or experiments made in

9  connection with this case, which are in the possession and control of

10 Defendant, which he intends to introduce as evidence-in-chief at the

11 trial, or which were prepared by a witness whom Defendant intends to

12 call as a witness.  The United States also requests that the Court

13 make such order as it deems necessary under Rules 16(d)(1) and (2) to

14 ensure that the United States receives the reciprocal discovery to

15 which it is entitled.

16      **B.     RECIPROCAL JENCKS—DEFENSE WITNESS STATEMENTS**

17     Rule 26.2 provides for the reciprocal production of Jencks

18 material. Rule 26.2 requires production of the prior statements of all

19 witnesses, except a statement made by Defendant.  The time frame

20 established by Rule 26.2 requires the statements to be provided to the

21 United States after the witness has testified.  However, to expedite

22 trial proceedings, the United States hereby requests that Defendant

23 be ordered to provide all prior statements of defense witnesses by a

24 reasonable date before trial to be set by the Court.  Such an order

25 should include any form in which these statements are memorialized,

26 including but not limited to, tape recordings, handwritten or typed

27 notes and reports.

28 //

**V**

**CONCLUSION**

For the foregoing reasons, the United States requests that the Court deny Defendant's motions, except where unopposed, and grant the United States' motion for reciprocal discovery.

DATED: July 23, 2013

Respectfully submitted,

LAURA E. DUFFY
United States Attorney

/s/ *Andrew G. Schopler*
ANDREW G. SCHOPLER
Assistant U.S. Attorney

13CR2196-JLS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 13CR2196-JLS |
| | ) |
|        Plaintiff, | ) |
| | ) |
|        v. | ) CERTIFICATE OF SERVICE |
| | ) |
| JAN HARALD PORTOCARRERO (1), | ) |
|     aka Leo, et al., | ) |
| | ) |
|        Defendants. | ) |
| _____ | ) |

IT IS HEREBY CERTIFIED THAT:

I, ANDREW G. SCHOPLER, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS; and UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

     **1.**    **Thomas J. Warwick, Jr.,** *counsel for Mokayef(3)*
     **2.**    **C. Bradley Patton,** *counsel for Iaco(9)*
     **3.**    **Benjamin L. Coleman,** *counsel for Gharibeh(11)*
     **4.**    **Robert L. Grimes,** *counsel for Blum(14)*
     **5.**    **Thomas P. Matthews,** *counsel for Massey(15)*
     **6.**    **Vikas Bajaj,** *counsel for Groppo(16)*
     **7.**    **Holly A. Sullivan,** *counsel for Weber(18)*

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2013

                              /s/ *Andrew G. Schopler*
                              ANDREW G. SCHOPLER
                              Assistant United States Attorney

13CR2196-JLS